NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ESTATE OF ANTHONY J. ANTONIOUS, *et al.*, | : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civil Action No. 08-CV-3501 (DMC) |
| YONEX CORPORATION USA, | : : : | |
| Defendant. | : : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

The Estate of Anthony J. Antonious and the Irrevocable Trust of Anthony J. Antonious ("Plaintiffs") have sued Yonex Corporation USA ("Defendant") for patent infringement, alleging that Defendant is infringing on its United States Design Patent No. 499,157 (the "'157 patent") by making, using, importing, offering for sale and selling certain golf clubs and drivers without Plaintiffs' permission or authority.  Currently before the Court is Defendant's motion to transfer venue to the Central District of California under 28 U.S.C. § 1404(a).  For the reasons set forth below, Defendant's motion to transfer venue is **granted**.

I.    **BACKGROUND**[1]

Plaintiffs are the New Jersey-based estate of Anthony J. Antonious, located in Passaic County, New Jersey.  Plaintiffs own the '157 patent, entitled "Metalwood Golf Type Club Head,"

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

which covers certain golf club technology.  Defendant is a California corporation with its

principal place of business in Torrance, California.  Defendant is a wholly owned subsidiary of

Yonex Co., Ltd., a Japanese company with its principal place of business in Japan.  Plaintiffs

allege that Defendant is infringing on its '157 patent by making, using, importing, offering for

sale and selling golf clubs and drivers (the "accused products") without Plaintiffs' permission.

Plaintiffs filed a Complaint on July 11, 2008.  A pretrial scheduling order was entered on

January 28, 2009, with discovery deadlines in mid-February.  Currently before the Court is

Defendant's motion to transfer the case to the Central District of California, filed on February 13,

2009.

## II.   DISCUSSION

A.   *Venue is proper in both the District of New Jersey and the Central District of California.*

Both the District of New Jersey and the Central District of California are proper venues

under 28 U.S.C. § 1391(b).  Section 1391(b) permits venue in any judicial district where the

defendant resides.  A corporation is said to reside "in any judicial district in which it is subject to

personal jurisdiction at the time the action is commenced."  See 28 U.S.C. § 1391(c).  Because it

appears that Defendant is subject to personal jurisdiction in both New Jersey and the Central

District of California, the Court finds that venue is proper in both districts.

B.   *Venue should be transferred to the Central District of California.*

Although both fora are proper, venue in this case should be transferred to the Central

District of California.  Section 1404(a) empowers a district court to transfer a case to any other

2

district where venue is proper "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The statute exists "to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26–27 (1960)).

The moving party bears the burden of showing by "something more than a mere preponderance of the evidence" that the balance of conveniences weighs "strongly in favor" of transfer to a more convenient forum. Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989). Generally, plaintiff's choice of forum is given great weight in a Section 1404(a) analysis, see Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989), and should "not be lightly disturbed." See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Nonetheless, courts have broad discretion to transfer an action under the statute, and are not limited in their consideration to the factors enumerated in Section 1404(a). See Plum Tree, Inc. v. Stockroent, 488 F.2d 754, 756 (3d Cir. 1973); Sandvik, 724 F. Supp. at 307. Indeed, courts may consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879.

To that end, the Third Circuit has provided a list of six private and five public interest factors to help in this determination. The private interest factors include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their relative physical and financial condition; (5)

convenience of the witnesses; and (6) the location of books and records.  Id.  The public interest

factors include: (1) the enforceability of the judgment; (2) practical considerations that could

make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the

two fora from court congestion; (4) the local interest in deciding controversies; (5) the public

policies of the fora; and (6) the familiarity of the trial judge with the applicable state law.  See id.

at 879–80.

Additionally, in patent infringement cases "the preferred forum is that which is the 'center

of gravity' of the accused activity."  See Refined Recommendation Corp. v. Netflix, Inc., 2008

WL 474106, *4 (D.N.J. 2008) (quoting Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 482

(D.N.J. 1993)).  Courts determining an action's "center of gravity" must consider the "location of

the product's development, testing, research and production, as well as where marketing

decisions are made, rather than where limited sales activity has occurred."  See Id.

Here, the Court finds that transfer to the Central District of California is appropriate

because the public and private interest factors weigh "strongly in favor" of transfer, and, in any

event, California is the "center of gravity" for the accused activity.  Defendant is a California

subsidiary of a Japanese company that operates entirely out of California and Japan.  Its

witnesses and records are located in either California or Japan.  Significantly, all of Defendant's

alleged infringing activities, including the design, development, testing, manufacture, sales and

marketing of the accused products, took place in either California or Japan.  See, e.g., id.

(defining "center of gravity").  Accordingly, because the claim "arose" in California, and because

the Central District of California appears to be the most convenient district based upon the

location of relevant witnesses and documentation, the Court finds that the private interest factors favor the Central District of California as the "preferred forum." See id. Additionally, the Court finds that the public interest in expedience and economy and the local interest in deciding local controversies also favor a transfer to the Central District of California.

In making this determination, the Court is not unmindful of the general presumption favoring a plaintiff's choice of forum. Because of the substantial nature of activities underlying the claim that occurred in California and Japan, however, and because the Court sees only a minimal connection between the claims and the District of New Jersey, the Court is nonetheless persuaded that the balance of conveniences strongly favor a transfer to the Central District of California. See LG Elecs. Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (noting that "[w]hen the central facts of the lawsuit occur outside of the forum state, a plaintiff's selection of that forum is entitled to less deference"). Accordingly, Defendant's motion to transfer this action to the Central District of California is granted.

## III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to transfer this action to the Central District of California is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh          
Dennis M. Cavanaugh, U.S.D.J.

Date:        May  11 ,  2009
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File